GAETZE, et al, Respondents, v. ST. PAUL FIRE & MARINE INS. CO., Appellant.

(222 N. W. 676.)

(File No. 6303. Opinion filed December 31, 1928.)

*Crofoot & Ryan,* of Aberdeen, for Appellant.

*Hitchcock & Sickel,* of Mitchell, for Respondents.

POLLEY, J. This action was brought to recover on a fire and tornado policy of insurance. The policy is dated June 14, 1924; and by its terms it was to go into effect at noon on that day, and to continue in effect until noon on the 14th day of June, 1927. On the evening of June 14, 1924, the property insured was damaged by a tornado. Plaintiff put in his claim against the defendant for his damage. The claim was rejected, and plaintiff brought suit. The defense is that, under the terms of the agreement between plaintiff and defendant, the insurance was not to go into effect until noon on the 15th day of June, 1924; and, by way of relief, defendant asks to have the policy reformed to conform to the intent of the parties, and that the action be dismissed.

The facts upon which defendant bases the above contention are as follows: The First National Bank at Letcher was acting as soliciting agent at that place for defendant. Several months before the policy was written, A. E. Wallace, cashier of said bank, solicited insurance from plaintiff. Plaintiff informed Wallace that his property was insured by the Royal Insurance Company, but that, when his present insurance expired, defendant might reinsure it. On the 4th day of June, Wallace, in company with the vice president of the bank, went to plaintiff's residence and took plaintiff's application. Plaintiff did not have his policy in the Royal Insurance Company, and said he did not know whether that policy expired on the 14th or 15th day of June. It was the desire of both parties that there should be no interim between the time when the Royal policy should expire and defendant's policy should take effect.

Quoting from defendant's brief: "While engaged in making out the application, said Wallace asked Gaetze when his insurance in the Royal Ins. Co. would expire and Gaetze replied that he was not sure whether it would expire on June 14th or June 15th, 1924, and Wallace then suggested that in order to avoid any possible lapse in insurance he would have the defendant's policy issued to

commence on June 14th, 1924. To this Gaetze assented and said Wallace thereupon indorsed upon the application, in Gaetze's presence and with his consent, a statement signed by the First National Bank of Letcher, agent, that the term of insurance should commence on June 14th, 1924, and expire on June 14th, 1927."

This application was then sent to defendant's general agent in the state, who prepared and signed the policy. The soliciting agent, Wallace, had no authority to write policies or fix the terms thereof; and, when the policy was made out stating that it should go into effect June 14th, and signed by the general agents and accepted by plaintiff, it became a binding contract on the defendant, according to its expressed terms.

Gaetze and Wallace were not the contracting parties. When the application was forwarded to the general agents, they issued the policy. Gaetze and defendant became the contracting parties; and, to reform the contract, there must have been a mutual mistake on the part of both plaintiff and defendant. There is no evidence of any mistake on the part of the defendant. The policy it issued was just what it intended that it should be; and the reformation was properly denied by the trial court. Floars v. Insurance Co., 144 N. C. 232, 56 S. E. 915, and cases cited.

It is true, as claimed by defendant, that plaintiff, in his application, stated that there was no other insurance on the property, and that this statement was made upon the theory that defendant's policy was not to go into effect until the Royal policy had expired; but this was not done for the purpose of deceiving the defendant; nor was defendant in anywise damaged by such statement. No moral hazard is involved; and, as the policy contains a provision that, in case other insurance is in force, the loss, if any, should be prorated between the insurers, the fact that the amount of the insurance in the two policies exceeded the actual value of the property is not material to the defendant.

The judgment and order appealed from are affirmed.

BURCH, P. J., and SHERWOOD, CAMPBELL, and BROWN, JJ., concur.